UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN HATTON,

    *Plaintiff*,

v.

ANUJA MEHROTRA, *et al.*

    *Defendants*.

Civil Action No. 22-1587 (RDM)

**MEMORANDUM OPINION**

In April 2022, *pro se* Plaintiff Kevin Hatton filed a complaint in the Superior Court of the District of Columbia, naming the Court Services and Offender Supervision Agency ("CSOSA") and Community Supervision Officer ("CSO") Anuja Mehrotra as Defendants. Dkt. 1-2 at 4. The complaint stated: "I have been on a 4 p.m. curfew with a GPS for 22 months. While employed[,] I am constantly harassed and denied my rights to op[]erate my music career . . . . I am also a victim of false imprisonment . . . [and] was . . . framed as non-compli[ant] with no documented proof." *Id.* He seeks $50,000 in damages. *Id.* at 25.

CSOSA and Mehrotra removed the case to federal district court pursuant to 28 U.S.C. § 1442, Dkt. 1, and then moved to dismiss the action for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to effect proper service under Rule 12(b)(5), Dkt. 9. Defendants assert that the doctrine of derivative jurisdiction precludes this Court's exercise of subject-matter jurisdiction, *id.* at 7, and that Plaintiff has not properly served the federal defendants as required under Rule 4, *id.* at 9. The Court issued a *Fox*/*Neal* order, advising Plaintiff that, if he "fail[ed] to respond to Defendant's motion in the time provided, the Court may (1) treat the motion as conceded; (2) rule on Defendants' motion based on Defendants'

arguments alone and without considering Plaintiff's arguments; or (3) dismiss Plaintiff's claims for failure to prosecute." Dkt. 10 at 1 (internal citations omitted). Plaintiff's opposition to the motion to dismiss was due on October 11, 2022; that date passed without Plaintiff filing any opposition. On October 25, 2022, the Court noted that Plaintiff had not responded to Defendants' motion and that Plaintiff had not appeared in the case since it was removed on June 3, 2022. *See* Min. Order (Oct. 25, 2022). At that time, the Court again ordered Plaintiff to respond to the pending motion to dismiss—this time, on or before November 15, 2022—and admonished Plaintiff that failure to respond to the motion or to otherwise respond to the Court's order would result in dismissal for failure to prosecute. *Id.* A copy of the Court's October 25, 2022 order was returned to the Court as undeliverable on November 17, 2022.[1] *See* Dkt. 11.

The Court may dismiss a case for failure to prosecute "upon the Court's own motion." Local Civ. R. 83.23; *Bristol Petrol. Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) ("'[W]hen circumstances make such an action appropriate,' a district court may dismiss an action on its own motion because of a party's failure to comply with court orders designed to ensure orderly prosecution of the case." (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962))). Furthermore, the Court may order a party to "file a memorandum of points and authorities in opposition" to a motion, and, "[i]f such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." Local Civ. R. 7(b). Because Plaintiff (1) has had no contact with this Court and has taken no action in this case after filing his complaint; (2) has

---

[1] It is Plaintiff's obligation to keep this Court apprised of his current address. This Court's local rules provide that "[n]otice of a change in address . . . of . . . a party not represented by an attorney must be filed within 14 days of the change. Unless changed by notice filed with the Clerk, the address and telephone number of a party or an attorney noted on the first filing shall be conclusively taken as the last known address and telephone number of the party or attorney." Local Civ. R. 5.1(c)(1).

failed to respond to Defendants' long-pending motion to dismiss; and (3) has disregarded the Court's orders, the Court will dismiss the action for failure to prosecute. *See Bristol Petrol. Corp.*, 901 F.2d at 167.

## CONCLUSION

For the foregoing reasons, the Court will dismiss this action without prejudice. A separate order will issue.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date:  November 22, 2022